UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED NATIONAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Case No. 13-CV-0272-CVE-PJC |
| WNC, INC., et al., | ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Now before the Court is Plaintiff's Motion for Voluntary Dismissal without Prejudice (Dkt. # 84) and Plaintiff United National Insurance Company's Motion for the Court to Take Judicial Notice (Dkt. # 133).[1]  Plaintiff United National Insurance Company (UNIC) requests leave to dismiss its claims against defendants WNC, Inc. (WNC), W.N. Couch Contractors, Inc. (Couch), and Sherwood Construction Co., Inc. (Sherwood).  Defendants object to plaintiff's request to voluntarily dismiss its claims without prejudice to refiling and they argue that plaintiff is seeking dismissal primarily to avoid an unfavorable judgment in this case.  Dkt. ## 102, 104.

---

[1]  There are numerous pending motions filed by defendants, but it will be unnecessary for the Court to consider the motions if the Court finds that plaintiff's motion for voluntarily dismissal should be granted.  As to plaintiff's motion to take judicial notice of state court records, the Court may take judicial notice of public records under Fed. R. Evid. 201 and this includes pleadings, docket sheets, and orders in this case and other related cases.  Luis v. Argent Mortg. Co., LLC, 2013 WL 4483503 (N.D. Okla. Aug. 19, 2013); Marlin Oil Corp. v. Colorado Interstate Gas Co., 700 F. Supp. 1076, 1081 n.5 (W.D. Okla. 1988).  Plaintiff's motion (Dkt. # 133) requesting that the Court take judicial notice of state court records is granted.

I.

Trade Winds Motor Hotel East, Inc. (Trade Winds) filed this case alleging that Sherwood was hired by the Oklahoma Department of Transportation (ODOT) to upgrade the existing water pipes connecting to Trade Winds and to move Trade Winds' water meter to a new location. Dkt. # 2, at 10. Sherwood was the prime contractor, and Sherwood subcontracted with WNC to perform part of the work. WNC subsequently assigned to Couch "all rights, title and interest held by [WNC]" in the subcontract. Dkt. # 84-2, at 1. ODOT contracted for the work as part of a road widening project of Interstate 44 (I-44) in Tulsa, Oklahoma. Trade Winds claims that defendants installed a new water meter and water meter pit on May 28, 2010, and Trade Winds alleges that it began to experience problems with its plumbing and that it noticed an increase in water usage after that date. Dkt. # 2, at 10. On May 8, 2012, Trade Winds filed this case in Tulsa County District Court alleging claims of negligence against WNC, Couch, and Sherwood as a result of the allegedly defective workmanship during installation of the new pipes and water meter. Dkt. # 2, at 5-7. Trade Winds filed an amended petition adding claims of trespass against each defendant. Id. at 8-18. UNIC filed a motion to substitute itself as the plaintiff, because it had paid Trade Winds' insurance claim and UNIC claimed that it was the real party in interest. Id at 63-65. The state court granted UNIC's motion and UNIC was substituted for Trade Winds as the named plaintiff. Id. at 71.

Defendants removed the case to federal court based on diversity of citizenship upon the substitution of UNIC as the named plaintiff. Id. at 1-3. The Court entered a scheduling order setting, inter alia, a discovery cutoff of October 18, 2013. Dkt. # 32. After several extensions of the deadlines in the scheduling order, the discovery cutoff was extended to February 18, 2014, the dispositive motion deadline was set for March 4, 2014, and the jury trial was set for April 21, 2014.

Dkt. # 63. On February 18, 2014, UNIC filed an opposed motion to extend all remaining deadlines in the scheduling order, including the discovery cutoff, by at least 30 days, and UNIC claimed that defendants had failed to produce discovery and had provided untimely supplemental expert reports. Dkt. # 74. UNIC also claimed that it needed additional time to depose the corporate representatives of WNC and Couch and other witnesses. Defendants opposed UNIC's request to extend deadlines and stated that UNIC had not diligently sought discovery from defendants. Dkt. # 76. UNIC had taken only one deposition and it was refusing to take any more depositions until defendants produced certain documents, but defendants explained that the documents plaintiff was seeking did not exist. Id. at 5. Defendants also stated that plaintiff declined to depose defendants' experts based on their original expert reports, and the production of supplemental reports did not interfere with plaintiff's ability to depose defendants' experts. Id. at 7. The Court found that UNIC had not diligently conducted discovery and there was no support for plaintiff's allegations that defendants withheld discovery, and the Court denied UNIC's motion to extend deadlines. Dkt. # 77.

On March 3, 2014, UNIC filed a motion for voluntary dismissal (Dkt. # 84) of its claims against defendants because of an ongoing condemnation proceeding in state court. The condemnation proceedings were initiated by ODOT on August 13, 2008, and ODOT was seeking to acquire property to allow the widening of I-44. Trade Winds is located on the remainder of a parcel of real property that was subject to eminent domain, and Trade Winds alleged that work performed on behalf of ODOT damaged Trade Winds. Dkt. # 104-2. On December 2, 2013, the state court entered an order joining UNIC as a defendant and WNC, Couch, and Sherwood as third party defendants, and the state court order UNIC "to assert any claims it may possess against the Plaintiff and/or proposed Third Party Defendants . . . ." Dkt. # 84-3, at 9. The state court issued a

notice to WNC, Couch, and Sherwood on February 13, 2014 that UNIC intended to litigate third party claims against them in the condemnation proceedings. Id. at 1. WNC, Couch, and Sherwood have filed motions to dismiss the claims against them in the condemnation proceedings, and the state court has not ruled on the motions. See Dkt. # 133-3; Dkt. # 133-4. UNIC states it is required to litigate its claims against defendants in the condemnation proceedings and that it would be a waste of the parties' resources to litigate the same claims in separate courts. UNIC's motion to dismiss was filed one day before the dispositive motion deadline in this case. Defendants oppose plaintiff's motion to dismiss and they argue that they will be prejudiced if the case is dismissed at such a late stage. Dkt. ## 102, 104.

## II.

Plaintiff argues that this case should be dismissed under Younger v. Harris, 401 U.S. 37 (1971), because there is an ongoing state court proceeding and the condemnation proceedings involve an important state interest. Defendants argue that there is no reason to dismiss or stay plaintiff's claims under Younger, because proceeding with this case will not interfere with the state court condemnation proceedings.

"*Younger* abstention dictates that federal courts not interfere with state court proceedings by granting equitable relief-such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings-when such relief could adequately be sought before the state court." Reinhardt v. Kelly, 164 F.3d 1296 (10th Cir. 1999). This doctrine is founded on the principles that a court should not grant equitable relief when a party can obtain adequate relief in another forum and such abstention promotes comity between state and federal courts. Younger, 401 U.S. at 43-44. To abstain under Younger, a district court must consider three

factors: "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." Phelps v. Hamilton, 122 F.3d 885 (10th Cir. 1997). Younger abstention is not strictly considered to be a jurisdictional issue, but a district court is required dismiss or stay a case if it properly finds that Younger abstention is applicable. D.A. Osguthorpe Family Partnership v. ASC Utah, Inc., 705 F.3d 1223, 1230 n.8 (10th Cir. 2013). When only monetary damages are sought by the federal court plaintiff, a stay of the proceedings, rather than dismissal, is the appropriate remedy. Kirshner v. Klemons, 225 F.3d 227, 238 (2d Cir. 2000).

Plaintiff has not shown that proceeding with this case will interfere with the state court condemnation proceedings and the Court finds no reason to dismiss or stay under Younger. Plaintiff has alleged state law tort claims and it seeks monetary damages only, and the Court has not been asked to grant injunctive or declaratory relief to plaintiff. In a diversity case, Younger abstention is not required if the federal district court has not been asked to grant equitable relief that would interfere with the state court proceedings. Reinhardt, 164 F.3d at 1302; Adobe Systems v. James, 2011 WL 573393 (D. Utah Feb. 15, 2011). Plaintiff cites Crown Point I, LLC v. Intermountain Rural Elec. Ass'n, 319 F.3d 1211 (10th Cir. 2003), to support its argument that Younger abstention is warranted. In Crown Point, the Tenth Circuit recognized that a condemnation case can be considered an ongoing state proceeding for the purpose of Younger abstention, and defendants do not dispute that plaintiff can establish the first part of the test for Younger abstention. However, the claims at issue in Crown Point were federal constitutional claims and the plaintiff was seeking injunctive and declaratory relief that would have prevented the filing of a state court condemnation action. Id. at 1214. No party in this case has sought declaratory or injunctive relief that would

interfere with the condemnation proceedings and, even if both cases proceed simultaneously, the state court condemnation proceedings will not be affected or impeded. Under the second factor for Younger abstention, a state interest is deemed "important" only "'where 'exercise of the federal judicial power would disregard the comity between the States and the National Government.'" Grieve v. Tamerin, 269 F.3d 149, 152 (2d Cir. 2001) (quoting Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 13 (1987)). There is no risk of infringing on an important state interest by hearing the tort claims raised by plaintiff. A ruling on contested factual or legal issues could incidentally impact the condemnation proceedings, but this alone does not support the application of Younger abstention. The Court declines to dismiss or stay plaintiff's claims under Younger.

### III.

Plaintiff seeks to voluntarily dismiss its claims against defendants because it argues that it would be a waste of judicial resources to litigate the same claims in this case and the state court condemnation proceedings. Defendants argue that plaintiff is requesting a dismissal to avoid the likelihood that it will receive an adverse judgment in this case, and the tort claims alleged by plaintiff should be heard by this Court.

Under Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the Court considers proper." Unless a defendant can show "legal" prejudice from granting a plaintiff's request for voluntary dismissal, such requests should ordinarily be granted. Ohlander v. Larson, 114 F.3d 1531, 1537 (10th Cir. 1997). The Tenth Circuit has identified four non-exclusive factors that should be considered when reviewing a request for voluntary dismissal: "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for dismissal;

6

and the present stage of the litigation." County of Santa Fe, New Mexico v. Public Service Co. of New Mexico, 311 F.3d 1031, 1048 (10th Cir. 2002). The Court must insure that "substantial justice is accorded to both parties," and this requires the district court to consider the "equities not only facing the defendant, but also those facing the plaintiff." Brown v. Baeke, 413 F.3d 1121, 1124 (10th Cir. 2005). When a plaintiff seeks to dismiss its claims without prejudice to refiling, a district court should consider whether attorney fees should be awarded to the defendant to prevent the duplication of litigation expenses. AeroTech, Inc. v. Estes, 110 F.3d 1523, 1528 (10th Cir. 1997).

Plaintiff's primary argument is that the state court is requiring it to assert the claims alleged in this case as part of the condemnation proceedings, and that it would be a waste of the parties' resources to proceed with the same claims in separate courts. Dkt. # 84, at 5-6. Defendants argue that plaintiff's tort claims cannot be heard as part of the condemnation proceedings. Under Oklahoma law, a condemnation proceeding is treated as a special statutory proceeding, rather than an ordinary civil case, and condemnation proceedings do not involve tort claims. City of Tahlequah v. Lake Region Elec., Cooperative, Inc., 47 P.3d 467, 471 (Okla. 2002). The purpose of condemnation proceedings involving a governmental entity's assertion of eminent domain is to "ascertain[] the compensation to be paid for property to be appropriated." State ex rel. Bd. of Regents for Oklahoma Agr. and Mechanical Colleges v. McCloskey Bros., Inc., 227 P.3d 133, 142 (Okla. 2009). Although Oklahoma law is not settled, it does not appear that tort claims are permitted as part of a condemnation proceedings unless the claims fall under the Surface Damage Act, OKLA. STAT. tit. 52, § 318 et seq. Id. at 142 n.25. However, an aggrieved landowner subject to partial condemnation of his property is entitled to recover consequential damages suffered as a result of a partial condemnation. State ex rel. Dep't of Highways v. Aker, 507 P.2d 1227, 1230 (Okla. 1973).

It is not clear that plaintiff will be permitted to litigate its tort claims as part of the condemnation proceedings and defendants argue that plaintiff has not alleged any cognizable claim against them in state court. This Court declines to consider the possible merits (or lack thereof) of plaintiff's claims in the condemnation proceedings, and any arguments concerning plaintiff's right to recover from defendants in the condemnation proceedings should be raised in the state court. For the purpose of this Opinion and Order, the Court will accept plaintiff's statement that it wishes to proceed with its claims only in state court, and the Court will also assume that plaintiff is prepared to accept any limitations as to its remedy by making that choice. See Dkt. # 84, at 4-5. The record shows that the state court directed plaintiff to file claims against WNC, Couch, and Sherwood as part of the condemnation proceedings and that WNC, Couch, and Sherwood have been joined as third party defendants in state court. Dkt. # 84-3. Thus, the parties will incur additional expense if this Court proceeds to hear plaintiff's claims against defendants, because the condemnation proceedings will continue even if the Court were to deny plaintiff's motion for voluntary dismissal. This is a factor that weighs in favor of granting plaintiff's motion.

Defendants argue that plaintiff delayed when filing its motion for voluntary dismissal and that the circumstances show that plaintiff has filed its motion for voluntary dismissal in an attempt to avoid an adverse judgment. Plaintiff learned as early as December 2, 2013 that it would be required to assert certain claims against WNC, Couch, and Sherwood in the condemnation proceedings, but the state court did not give notice to WNC, Couch, and Sherwood until February 18, 2014 that UNIC was asserting claims against them in the condemnation proceedings. Dkt. # 84-3. Plaintiff waited until March 3, 2014 to file its motion for voluntary dismissal. This was one day before the dispositive motion deadline and about two weeks after plaintiff's request for additional

8

time to conduct discovery had been denied. In its motion to dismiss, plaintiff represented that no dispositive motions were on file, but WNC states that it had already advised plaintiff that it would be filing a motion for summary judgment. Dkt. # 104, at 4. Defendants have now filed motions for summary judgment, motions to exclude expert testimony, and motions in limine, and the litigation has reached an advanced stage where the parties are simply waiting on rulings to determine if they need to prepare for trial. Plaintiff faults defendants for engaging in gamesmanship by withholding documents in discovery, but the Court has already found that plaintiff did not diligently conduct discovery in this case and that it was not likely that the documents plaintiff was seeking actually existed. Dkt. # 77. The Court gives no weight to plaintiff's argument that defendants engaged in "stall tactics," and any delay of the proceedings was caused by plaintiff's failure to diligently conduct discovery in support of its claims. The circumstances surrounding the filing of plaintiff's motion for voluntary dismissal do suggest that plaintiff delayed in seeking dismissal of its claims in this case.

      The Court also takes into account the defendants' effort and expense in preparing for trial and the current stage of the litigation. Defendants have expended substantial resources in defending against plaintiff's claims, and they have filed dispositive motions, motions to exclude expert testimony, and motions in limine. Defendants have retained experts to respond to plaintiff's allegations of defective workmanship, and the parties have completed discovery. See Dkt. ##105, 109 (final witness lists of WNC and Sherwood identifying expert witnesses who will be called to testify at trial). Plaintiff could have filed its motion for voluntary dismissal shortly after learning that it would be required to participate in the condemnation proceedings and, at a minimum, plaintiff could have at least alerted defendants and the Court that this was a possibility. This would have

9

significantly reduced the expense incurred by defendants.  Instead, plaintiff waited until defendant had already incurred significant expense in preparing pretrial motions, and defendants will be prejudiced if their efforts in preparing to defend against plaintiff's claims goes to waste.  This will be considered as a factor weighing against granting plaintiff's motion.

Even though there are some factors weighing against dismissal, the Court finds a significant likelihood that proceeding with this case will result in additional expense to the parties and potentially inconsistent rulings in regard to the same subject matter.  The state court ordered plaintiff to pursue certain claims against WNC, Couch, and Sherwood in the condemnation proceedings, and those proceedings will continue even if this Court were to deny plaintiff's motion for voluntary dismissal.  It is possible that granting plaintiff's motion for voluntary dismissal could prevent some duplication of effort by the parties, and the Court is cognizant that the general rule is that a plaintiff's motion for voluntary dismissal should be granted. Ohlander, 114 F.3d at 1537.  The Court finds that plaintiff's motion for voluntary dismissal should be granted subject to conditions to prevent defendants from suffering unfair prejudice from plaintiff's decision to dismiss its claims at this late stage in the case.  In particular, the Court has previously found that plaintiff did not diligently conduct discovery in this case, and plaintiff should not be permitted to restart discovery in the condemnation proceedings to make up for its failure to conduct adequate discovery in this case.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Voluntary Dismissal without Prejudice (Dkt. # 84) is **granted**, and plaintiff's claims against defendants are dismissed without prejudice. However, the Court will impose the following conditions on dismissal of plaintiff's claims:

1. All discovery conducted in this case shall carry over to the condemnation proceedings.

2. Plaintiff shall conduct no additional discovery in the condemnation proceedings if that discovery could have been conducted in this case unless it pays all attorney fees and costs incurred by defendants in responding to such discovery requests. This includes fees and costs associated with the taking of any depositions.

3. To the extent that the same issues are litigated in the condemnation proceedings, the parties shall be bound by their arguments in their pending motions and the responses and replies to such motions filed in this case.

**IT IS FURTHER ORDERED** that Plaintiff United National Insurance Company's Motion for the Court to Take Judicial Notice (Dkt. # 133) is **granted**.

**IT IS FURTHER ORDERED** that all other pending motions (Dkt. ## 87, 90, 92, 94, 95, 96, 131, 132) are **moot**.

**DATED** this 12th day of May, 2014.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE